UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT GINSBACH, | ) | CASE NO. 5:17cv57 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| RACHELL BULLOCK, et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Plaintiff *pro se* Robert Ginsbach ("plaintiff" or "Ginsbach") brings this *in forma pauperis* action pursuant to 42 U.S.C. § 1983 against defendants Rachell Bullock ("Bullock"), Attorney Tara Wright-Timberlake ("Wright-Timberlake"), Guardian Ad Litem Donovan Hill ("Hill"), Linda Kate ("Kate"), Joy Reed ("Reed"), Clinical Social Worker Barbara Schwartz ("Schwartz"), and the Chrysalis Counseling Center, Inc. ("Chrysalis Counseling"). (Doc. No. 1 (Complaint ["Compl."]).) For the reasons that follow, this case is dismissed.

**A. Background**

The complaint is somewhat difficult to follow. Defendant Bullock is the mother of plaintiff's son. Plaintiff asserts a number if allegations against defendant Wright-Timberlake, including claims that she: (1) caused emotional distress and breakdown of the family relationship by denying plaintiff access to his son; (2) caused criminal charges to be filed against him, but not against defendant Bullock for removing the child from Indiana where plaintiff resides; and (3) engaged in ex parte communication with the court. Plaintiff also alleges that defendant Hill

illegally gained access to plaintiff's medical records and improperly revealed information contained therein in order to bring harm to plaintiff and his son. According to plaintiff, defendants Kate and Reed knowingly allowed the above-alleged conduct to occur. Plaintiff claims that defendants' conduct intentionally inflicted emotional distress upon him, and violated his First and Fourteenth Amendment Rights, HIPAA, the Uniform Child Custody Jurisdiction Enforcement Act, and right to privacy, along with various other federal and state statutes.

For relief, plaintiff seeks return of his minor child by Bullock with no visitation rights, as well as termination of Wright-Timberlake's employment with the New Philadelphia Law Director's Office, termination of Kate's and Reed's employment with Tuscarawas County, and termination of Schwartz's employment with Chrysalis Counseling. He also seeks money damages and an order requiring defendants provide *pro bono* services to single fathers.

**B. Plaintiff's complaint fails to state a claim**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall,* 454 U.S. 364, 365, 102 S. Ct. 700, 70 L.Ed.2d 551 (1982) (per curiam); *Haines v. Kerner,* 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall,* 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke,* 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when the complaint lacks plausibility. *Bell Atl. Corp. v.*

*Twombly,* 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly,* 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in a light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.,* 151 F.3d 559, 561 (6th Cir. 1998).

Plaintiff's complaint consists only of very generalized factual allegations and bald legal conclusions. Therefore, even construing the complaint liberally, the Court concludes that plaintiff simply does not set forth a valid federal claim. *See, e.g., Lillardv. Shelby Cnty. Bd. of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

### C. This Court lacks jurisdiction

Moreover, to the extent that plaintiff asserts a claim concerning a domestic relations matter, federal courts generally lack jurisdiction over such matters, which are within the exclusive jurisdiction of state courts. *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003) (citations omitted). "The field of domestic relations involves local problems 'peculiarly suited to state regulation and control and peculiarly unsuited to control by federal courts[,]'" and

state courts "have developed a proficiency and expertise in these cases [.]" *Firestone v. Cleveland Trust*, 654 F.2d 1212, 1215 (6th Cir. 1981) (internal citation omitted).

The domestic relation exception applies where a plaintiff sues in federal court for divorce, alimony, or child custody, or seeks to modify or interpret an existing divorce, alimony, or child-custody decree. *Alexander v. Rosen*, 804 F.3d 1203, 1205 (6th Cir. 2015), *cert. denied*, 136 S. Ct. 2392, 195 L. Ed. 2d 767 (2016) (citations omitted). This exception to federal jurisdiction does not apply to civil actions that merely have domestic relations overtones, but to cases "where the action is a mere pretense and the suit is actually concerned with domestic relations issues." *Danforth*, 76 F. App'x at 616.

Based on the relief sought by plaintiff, it appears that this exception may apply to certain issues in this case. The complaint purports to raise claims pursuant to § 1983, but is grounded in plaintiff's disagreement with custody matters concerning his son. Plaintiff asks this Court to order Bullock to return the child to him and to impose certain limitations on visitation. This request appears to place certain claims directly within the domestic relations exception to federal jurisdiction. *See Alexander*, 804 F.3d at 1205–06. In this event, the Court lacks jurisdiction over these issues. *See Partridge v. State of Ohio*, 79 F. App'x 844, 845 (6th Cir. 2003) (district court lacks subject matter jurisdiction over case where plaintiff asserts civil rights claims that challenge child custody and divorce decisions and seeks relief in the form of shared custody) (citations omitted).

**D. Conclusion**

For all of the foregoing reasons, this action is dismissed. Plaintiff's motion to proceed *in forma pauperis* is granted. (Doc. No. 2.)

The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.


Dated: January 18, 2017

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**